## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## AT WHEELING

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL #141;
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL #972;
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL #141
PROFIT-SHARING PLAN;
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL #141
VACATION FUND;
INTERNATIONAL BROTHERHOOD OF         CIVIL ACTION NUMBER: 5:13-cv-172 (Stamp)
ELECTRICAL WORKERS LOCAL #972
PENSION FUND;                        Electronically filed: December 20, 2013
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL #972
VACATION FUND;
WV-OH SUPPLEMENTAL HEALTH PLAN;
and IBEW 4th DISTRICT HEALTH FUND,

        Plaintiffs,

vs.

DAVISON ELECTRIC CO., INC.
(an Ohio corporation),

        Defendant.

## **COMPLAINT**

1.    This action is brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. 1132 & 1145; and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Jurisdiction and venue are conferred on this Court under 29 U.S.C. §§ 1132 (e), 185(a),(c), and 28 U.S.C. § 1331.

2. International Brotherhood of Electrical Workers (herein, "IBEW") Local 141 is a labor organization under 29 U.S.C. § 152(5), and represents employees who are in an industry "affecting commerce" (see 29 U.S.C. § 152(7)). Its principal place of business is located at 82 Burkham Court, Wheeling, WV 26003.

3. IBEW Local 972 is a labor organization under 29 U.S.C. § 152(5), and represents employees who are in an industry "affecting commerce" (see 29 U.S.C. § 152(7)). Its principal place of business is located at 50 Sandhill Road, Reno, OH 45773.

4. The IBEW Local #141 Profit-Sharing Plan is an employee pension benefit plan as defined by 29 U.S.C. 1002(2); it is authorized to sue in its own name under 29 U.S.C. § 1132(d)(1). It is administered by its Board of Trustees in Wheeling, West Virginia.

5. The IBEW Local #141 Vacation Fund is an employee welfare benefit plan as defined by 29 U.S.C. 1002(2); it is authorized to sue in its own name under 29 U.S.C. § 1132(d)(1). It is administered by its Board of Trustees in Wheeling, West Virginia.

6. The IBEW Local #972 Pension Fund is an employee pension benefit plan as defined by 29 U.S.C. 1002(2); it is authorized to sue in its own name under 29 U.S.C. § 1132(d)(1). It is administered by its Board of Trustees in Ona, WV.

7. The IBEW Local #972 Vacation Fund is an employee welfare benefit plan as defined by 29 U.S.C. 1002(2); it is authorized to sue in its own name under 29 U.S.C. § 1132(d)(1). It is administered by its Board of Trustees in Ona, WV.

8. The WV-OH Supplemental Health Plan is an employee welfare benefit plan as defined by 29 U.S.C. 1002(2); it is authorized to sue in its own name under 29 U.S.C. § 1132(d)(1). It is administered by its Board of Trustees in Ona, WV.

9. The IBEW 4th District Health Fund is an employee welfare benefit plan as defined by 29 U.S.C. 1002(2); it is authorized to sue in its own name under 29 U.S.C. § 1132(d)(1). It is administered by its Board of Trustees in Ona, WV.

10. The plaintiff employee benefit plans described in ¶¶ 4-9 (collectively referenced herein as "the Funds") are all "multiemployer plans" within the meaning of 29 USC § 1002 (37) and accordingly maintained and administered by their respective boards of labor-management trustees as said.

11. Defendant Davison Electric Co., Inc. (hereinafter referred to as "Davison") regularly performs work in the geographical jurisdiction of Local #141 in this judicial district, as well as in the geographical jurisdiction of Local #972.

12. Davison maintains its principal place of business and general offices in Martins Ferry, Ohio.

13. Davison is a party to and/or is bound by the terms of certain labor agreements (collective bargaining agreements) with IBEW Local Union # 141; see Ex. A (Letters of Assent and Agreement for Voluntary Recognition). Davison is also a party to and/or is bound by the terms of certain labor agreements (collective bargaining agreements) with IBEW Local Union #

3

972; see Ex. B (Letter of Assent). Collectively, said labor/collective bargaining agreements are referenced herein as the "the Agreements."

14. The Agreements obligate employers who are bound thereunder to make monthly payroll contributions to the Funds in order to furnish the benefits provided by the Funds for said employees and their beneficiaries. The Funds assess and accept the contributions for which participating employers are obligated primarily on the basis of periodic reports the employers are required to furnish to the Funds.

15. At various times relevant hereto, Davison has engaged in construction projects within the jurisdictions covered by the Agreements, and employed workers who are members of the collective bargaining unit covered by the Agreements. This included work during the work month of October 2013 and prior thereto, and such work is ongoing at the time of filing this Complaint.

16. Davison failed to report to the Funds, and to make the required contributions for its employees for the work month of October 2013, which were due to be paid to the Funds on November 15, 2013, along with the required reports. Davison is delinquent in such contributions under the terms of the employee benefit plans and/or trusts governing the Funds, and/or under the Agreements.

17. On information and belief, Davison may also owe, and/or have failed to submit the required reports to one or more of the plaintiff Funds for other work months aside from that referenced in ¶16.

4

18.	Davison also previously paid certain contributions to the Funds that were not paid on a timely basis as required, thus triggering the requirement to pay interest and/or liquidated damages to the Funds under their respective plans and/or trust.  Such interest and/or liquidated damages amounts are unpaid, due and owing to one or more of the plaintiff Funds.

19.	Davison's failure to remit payment for the above amounts to the plaintiff Funds violates the Agreements, the requirements of the plans and/or trusts governing the Funds, and the requirements of ERISA including § 515, 29 U.S.C. § 1145.

20.	The amount of fringe benefit contributions, interest, and liquidated damages owed by Davison as described in ¶¶ 16 through 18 is presently unknown by plaintiffs, but can be reduced to a sum certain by computation.  On information and belief based on current knowledge, the number of employee hours for October 2013 work month, for which contributions are to be paid to the Funds at the applicable hourly rate under the Agreements, was at least 1,960.5 hours in Local #141's jurisdiction, and 1,057.5 hours in Local #972's jurisdiction.

21.	As a result of Davison's failure to meet its obligations under the terms of the Agreements and the plans and/or trusts of the plaintiff Funds, plaintiffs have been required to employ counsel in order to enforce such obligations and are incurring attorneys' fees and costs.  The Fund plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under 29 U.S.C. § 1104 (a)(1).

WHEREFORE, plaintiffs seek the following relief:

1.	Judgment against Defendant for the total amount owed to the Funds, including the following:

    a.    The amount of all unpaid contributions due to the Funds;

    b.    Interest assessed on such delinquent contributions under the terms of the Funds;

    c.    An additional amount equal to the greater of the interest amount in (b), or liquidated damages assessed on the delinquent contributions under the Funds, at a rate not to exceed 20 percent of the unpaid contributions;

    d.    Interest and liquidated damages due the Plans for late contributions paid to the Funds but not timely paid; and

    e.    The amount of the Plaintiffs' reasonable attorney fees and costs of this action; and

2.    such other legal or equitable relief as this Court deems appropriate, including judgment for any contributions, with interest or liquidated damages thereon, that accrue subsequent to the filing of this complaint.

Respectfully submitted:

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL #141; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL #972; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL #141 PROFIT-SHARING PLAN; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL #141 VACATION FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL #972 PENSION FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL #972 VACATION FUND; WV-OH SUPPLEMENTAL HEALTH PLAN; and IBEW 4th DISTRICT HEALTH FUND,
Plaintiffs

By:   /S/ Thomas M. Cunningham
        Of Counsel

Thomas M. Cunningham, Esq.
West Virginia Registration # 6569
CASSIDY, MYERS, COGAN,
& VOEGELIN L.C.

The First State Capitol
1413 Eoff Street
Wheeling, WV 26003
(304) 232-8100
(304) 232-8352 (fax)
Email: tmc@cmcvlaw.com